UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 1:19-cv-00069-JNP<br><br>District Judge Jill N. Parrish |

Before the Court is Plaintiff ICON Health & Fitness, Inc.'s ("ICON") Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2) (the "Motion"). ECF No. 26. The Motion asks the court to enter a default judgement that permanently enjoins the defendant identified by the YouTube username "KingGene4" ("Defendant") from using ICON's "IFIT" trademark (the "IFIT Marks") and direct YouTube, a third party, to remove or otherwise alter the IFIT Marks or references to "Ifit" from Defendant's video playlist. For the reasons to follow, the court DENIES the Motion and declines to enter default judgment against Defendant.

## I. BACKGROUND

### A. Procedural History

ICON filed its Complaint on July 3, 2019, alleging infringement of the IFIT Marks pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*. ECF No. 2. After the court granted ICON's *Ex Parte* Motion for Expedited Discovery, ECF No. 11, ICON obtained Defendant's email address through a subpoena to Google, Inc., which owns YouTube. ECF No. 18 at 2. ICON subsequently attempted to contact Defendant through his email address and served the Complaint via email pursuant to the court's Order, *see* ECF Nos. 18 at 3, 23 at 3, but Defendant

1

has not responded to the Complaint. An Entry of Default was therefore entered against Defendant. *See* ECF No. 25.

ICON alleges that under the username "KingGene4," Defendant created a playlist on his YouTube channel entitled "Ifit" ("the Ifit Playlist") and that Defendant's use of the IFIT Marks in connection with the Ifit Playlist constitutes actionable trademark infringement because it was without ICON's authorization and/or consent. ICON further alleges that Defendant's use of the IFIT Marks is causing irreparable harm to ICON's reputation and goodwill.

Accordingly, Plaintiff seeks a permanent injunction that (1) enjoins Defendant—known only by the YouTube username "KingGene4" and the account's associated email address, *see* ECF No. 28 at 2, from using Plaintiff's IFIT Marks or any trademarks that are confusingly similar to the IFIT Marks; and (2) enjoins YouTube, which Plaintiff claims "is in 'active concert or participation' with" Defendant in his trademark infringing conduct and has notice of this litigation, *see id.* at 5, to immediately remove any reference to "Ifit" or the IFIT Marks from Defendant's Ifit Playlist on YouTube *or* "or to insert the letter 'R' to change the title to 'Ifrit'" on Defendant's YouTube Playlist, *see id.* at 7.

### B.   Supplemental Briefing

On April 20, 2020, the court ordered Plaintiff to submit a supplemental brief "addressing two matters concerning the propriety of granting Plaintiff's requested relief: (1) whether the court has jurisdiction to enjoin a party known only by a YouTube username;" and "(2) whether the court may properly enjoin YouTube, a nonparty, under Federal Rule of Civil Procedure 65(d)(2)." ECF No. 27 at 2. Plaintiff filed a supplemental brief on April 30, 2020. *See* ECF No. 28.  The court then ordered further supplemental briefing on the issue of personal jurisdiction. *See* ECF No. 30. Plaintiff submitted another supplemental brief on July 21, 2020, arguing that this court may properly exercise personal jurisdiction over Defendant. *See* ECF No. 31.

Plaintiff argues that the court may exercise personal jurisdiction over defendant because it would be fair in light of the circumstances. While Plaintiff admits that it cannot satisfy the traditional "minimum contacts" test due to the Defendant's anonymity, it argues that if this court were to decline to exercise personal jurisdiction, anyone could infringe a trademark anonymously and thereby avoid being subject to personal jurisdiction in any court. It points to other District Court decisions, discussed in further detail below, that issued temporary restraining orders or preliminary injunctions against unnamed defendants. If this court finds that it does not have personal jurisdiction over the Defendant, Plaintiff asks the court for further discovery to bolster its case for personal jurisdiction or to uncover facts that would support a finding of personal jurisdiction in another forum.

Plaintiff also contends that the court may properly enjoin YouTube under Rule 65(d)(2)(C) because YouTube is in active concert and participation with Defendant in committing the trademark infringing activities on his playlist. *See* ECF No. 27 at 5–8. Specifically, Plaintiff argues that Defendant and YouTube are in active concert with each other because "Defendant uses YouTube's servers, software, and website to operate his channel," YouTube is aware of this trademark lawsuit involving Defendant's playlist but refuses to act to remove the alleged infringement short of a court order, and Defendant could not engage in the infringing conduct "without YouTube's assistance." *Id.* at 5–7. Plaintiff concludes that "[i]f the Court declines to enjoin YouTube" to either remove or alter the trademark infringing content, "its order is likely to have no effect." *Id.* at 8.

## II.   DISCUSSION

### A.   Default Judgment

Plaintiff moves for entry of Default Judgment and seeks injunctive relief against Defendant. As the Tenth Circuit has explained:

> "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment. *See Cline v. Utah*, No. 2:19-CV-602 TS-CMR, 2020 WL 2476168, at *1 (D. Utah May 13, 2020) (citing DUCivR 55-1). First, Rule 55(a) enables the Clerk of Court to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Here, the Clerk of Court entered a default certificate against Defendant on April 1, 2020, after finding that "Plaintiff served Defendant on January 15, 2020," and Defendant "failed to appear or otherwise defend" within "the time allowed by law for answering." ECF No. 25. "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citation omitted); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003) (noting that after an entry of default, a defendant cannot defend a claim on the merits).

Second, after the Clerk enters a default certificate, a plaintiff must apply to the court for a default judgment under Rule 55(b)(2). *See Keith v. Koerner*, No. 11-CV-2281-DDC-JPO, 2016 WL 4541447, at *2 (D. Kan. Aug. 30, 2016). Under Rule 55, "a defendant's default does not in itself warrant the court in entering a default judgment," *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)), and the court must engage in "a weighing process which lies largely within the domain of the trial judge's discretion," *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

### B. Personal Jurisdiction

The Tenth Circuit has explained:

> [W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the <u>subject matter</u> and <u>the parties</u>. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (emphasis added).

The court has subject-matter jurisdiction over this matter. Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts various claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for alleged trademark infringement. Plaintiff's lawsuit thus arises under federal law, and the court has subject-matter jurisdiction.

However, the court concludes that it does not have personal jurisdiction over Defendant. Plaintiffs bear the burden of establishing personal jurisdiction. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotations and citations omitted).

First, "[b]ecause the Lanham Act does not authorize nationwide service of process," the court must decide whether Defendant has been properly served under Utah law. *See Builders Tr. of New Mexico v. Resolution Assurance Grp., Inc.*, No. CIV 09-0249 RB/GBW, 2010 WL 11597294, at *2 (D.N.M. Mar. 12, 2010) (unpublished) (citing *Sunward Elecs., Inc. v.*

5

*McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) and *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)). Although service through traditional means was ineffectual in this case due to Defendant concealing its identity behind an online persona, Plaintiff has properly effectuated service on Defendant under Fed. R. Civ. P. 4(e)(1) and Utah R. Civ. P. 4(d)(5)(A)-(B). *See* ECF No. 20.

Next, the court must determine whether exercising personal jurisdiction comports with due process. "The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). It is well established that "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed." *Shrader v. Biddinger*, 633 F.3d 1235, 1244 (10th Cir. 2011).

Plaintiff concedes that under the traditional minimum contacts test, this court does not have personal jurisdiction over Defendant. However, Plaintiff argues that a minimum contacts test is inappropriate where Defendant purposefully remains anonymous. Plaintiff contends that in cases such as these, a court should look to the fairness of exercising jurisdiction over unnamed defendants. It argues that in this case, fairness demands that this court exercise personal jurisdiction over Defendant. If the court declines to do so, Plaintiffs argue that any and every federal court could do the same, because an anonymous defendant will lack minimum contacts with every forum. This would allow any party to infringe the trademarks of another with impunity and would prevent trademark owners from protecting their rights.

In support of its argument, Plaintiff cites three cases in which Federal District Courts entered either temporary restraining orders or injunctions against unnamed defendants. However,

6

the facts of those cases are distinguishable from those present here. In *Joel v. Various John Does*, 499 F. Supp. 791, 792 (E.D. Wisc. 1980), Billy Joel, a well-known recording artist, sought a temporary restraining order to prevent vendors from selling unauthorized Billy Joel merchandise outside of Milwaukee Venue where he was scheduled to perform. The court granted the injunction without addressing the question of personal jurisdiction. *Id.* However, it is clear from the facts of that case that the unnamed defendants' conduct was to occur within the forum—in Milwaukee. Here, the physical address linked to the IP address associated with the creation of Defendant's YouTube account is located in Colorado, outside of this forum. *See* ECF No. 24-3 at 2. The second case cited by Defendants, *World Wrestling Entm't, Inc. v. Does 1-100*, No. 6:17-cv-504-Orl-40GJK, 2017 WL 6948586 (M.D. Fla., March 23, 2017), is distinguishable for similar reasons: World Wrestling Entertainment sought a temporary restraining order to prevent the unauthorized sale of merchandise within a five-mile radius of the venues in Orlando, Florida, where its events were to take place. *Id.* at *1. The court did not address personal jurisdiction, but it was obvious from the facts that the defendants had minimum contacts with the forum—they were peddling their unauthorized wares within the forum.

Finally, Defendants cite *SKS Merch, LLC v. Barry,* 233 F. Supp. 841, 843–44 (E.D. Ky 2002), a case in which the plaintiffs, recording artist Toby Keith and the company licensed to sell his merchandise, sought to enjoin the sale of unauthorized Toby Keith merchandise. The court issued a nationwide preliminary injunction against unnamed defendants and a permanent injunction enjoining the sale of unauthorized merchandise within the Eastern District of Kentucky. *Id.* at 845–52. The *permanent* injunction only affected unnamed defendants' conduct within the forum. And the court, in addressing the question of personal jurisdiction as to the nationwide *preliminary* injunction, agreed that the injunction was proper because the defendants themselves "made identification impossible absent an injunction" by fleeing from Plaintiffs'

7

representatives at performance sites. *Id.* at 849. Here, Plaintiff seeks a permanent, not temporary injunction. Further, Plaintiff has not shown that it is impossible to identify defendant. In fact, it states that it may be able to obtain "the IP address from which Defendant most recently accessed his email address," and that if it does, it can "either bolster its case against Defendant in this forum or bring this suit against Defendant in a different forum." ECF No. 31 at 6.

Were the Defendant truly impossible to identify, the court would likely be more sympathetic to Plaintiff's argument that declining to exercise personal jurisdiction would leave it without remedy. But that is not the case here since Plaintiff has at least identified the physical address associated with the creation of the YouTube account, located in Greenwood Village, Colorado. *See* ECF No. 24-3 at 2. Even if Plaintiff's further attempts to precisely pin down Defendant's identity prove unsuccessful, its discovery of the aforementioned address means that Plaintiff has at least a colorable case that Defendant is subject to personal jurisdiction in the forum in which the address is located. The court therefore concludes that declining to exercise personal jurisdiction will not leave the Plaintiff without a remedy to enforce its rights.[1]

Because the court concludes that Plaintiff has failed to meet its burden to establish that this court has personal jurisdiction over the Defendant, it need not reach the issue of whether it may enjoin YouTube, a third party. Further, because the court lacks personal jurisdiction, it may not grant Plaintiff's request in the alternative for further discovery.

---

[1] The court is also not persuaded that Plaintiff will be left without remedy because it may also bring legal action against YouTube. *See BWP Media USA, Inc. v. Clarity Dig. Grp., LLC*, 820 F.3d 1175, 1177–78 (10th Cir. 2016) (explaining that entities in YouTube's position may be enjoined to stop copyright infringement on their websites under certain circumstances); 17 U.S.C. § 512(j) (explaining the types of injunctive relief courts may grant against entities such as YouTube when they are found to infringe a copyright). In light of Plaintiff's request that the court enter an injunction against YouTube, it is unclear why Plaintiff did not simply name YouTube as a defendant in this case.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion for Default Judgment is DENIED. Plaintiff's action is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over Defendant.

Signed January 8, 2021

BY THE COURT:

_____
Jill N. Parrish
United States District Court Judge